**ORIGINAL**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MARIA OLVERA<br>*Plaintiff.*<br>v.<br><br>AFNI, INC.<br>*Defendant.* | CIVIL ACTION NO.<br><br>4-13CV-771-C<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Maria Olvera, Plaintiff, alleges the following against AFNI, INC ("AFNI"), Defendant:

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States District Court without regard to the amount in controversy," and 28 U.S.C. § 1331. Grants this court original jurisdiction of all civil actions arising under the laws of the United States.

## VENUE

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), the occurrences which give rise to this action occurred in Tarrant County, Texas and Plaintiff resides in Tarrant County, Texas.

## PARTIES

4. The Plaintiff in this lawsuit is Maria Olvera, a natural person, who resides in the State of Texas, in the County of Tarrant, and City of Fort Worth.

5. The Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3).

6. The Defendant in this lawsuit is AFNI, INC. (herein after "AFNI") a debt collection company with offices at 404 Brock Drive, Bloomington, IL 61701.

7. AFNI is registered with the Texas Secretary of State pursuant to Tex. Fin. Code § 392.101 to engage in debt collection activities in Texas.

8. AFNI may be served with process by serving its registered agent for service of process: CT CORPORATION SYSTEM, 350 N. St. Paul St., STE 2900, Dallas, Texas 75201.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1962a(6).

10. Defendant, AFNI is an entity who at all relevant times was engaged, by use of the mails, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## **FACTUAL ALLEGATIONS**

12. At all relevant times, Defendant AFNI was attempting to collect an alleged but non-existent consumer debt form Plaintiff for a debt in the amount of $252.84, allegedly owed to GTE Southwest Incorporated, which subsequently has been allegedly assigned to AFNI.

13. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

14. On **April 04, 2013**, Plaintiff received an initial communication letter dated March 22, 2013 from Defendant AFNI, demanding a payment of an alleged but non-existent consumer debt in the amount of $252.84, allegedly owed to GTE Southwest with account number 038205136-02, which was placed with AFNI. **(Exhibit 'A')**

15. In the letter dated March 22, 2013, Defendant **failed to inform** Plaintiff that if, within 30 days, she notified Defendant in writing that the debt, or any portion thereof, was disputed, Defendant would provide additional verification of the debt or a copy of a judgment against you (if a judgment has been entered). **(See Exhibit 'A')**

16. On **May 02, 2013**, Plaintiff sent a letter demanding that defendant validate the alleged debt they were attempting to collect pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g.

17. Defendant received the validation of debt and dispute letter from Plaintiff on **May 06, 2013** at 08:42 am according to United States Postal Service records.

18. Plaintiff's dispute on **May 02, 2013** of the alleged account was within 30 day as required by the FDCPA, 15 U.S.C. § 1692g.

19. Plaintiff disputes owing the alleged debt.

20. Plaintiff has no recollection of owing any debt to Defendant AFNI or GTE Southwest Incorporated.

21. Defendant AFNI sent a correspondence to Plaintiff dated **May 23, 2013** acknowledging Plaintiff's request for validation of the alleged debt. **(Exhibit 'B')**

22. In the letter dated **May 23, 2013** sent by Defendant AFNI, Defendant stated that the original creditor is VERIZON, INC. with account number 08205136-02 **(See Exhibit 'B')**

23. In the initial communication letter sent by Defendant AFNI dated March 22, 2013, Defendant stated that the original creditor was GTE Southwest Incorporated with account number 038205136-02. **(See Exhibit 'A')**

24. In correspondence dated May 23, 2013 from Defendant AFNI, Defendant stated that **"This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector"**. (See Exhibit 'B')

25. In the letter dated **May 23, 2013**, Defendant provided and/or attached a copy of any alleged statement <u>with no</u> signed verification or accounting of the alleged account or copy of any signed contract or agreement. **(See Exhibit 'B')**

26. Defendant AFNI did not verify the debt as it deceptively claimed to Plaintiff it had.

27. Defendant <u>did not</u> provide Plaintiff with a computer printout setting forth the amount of the debt, the services, provided/description of the transactions or the dates on which the debt were incurred.

28. Defendant provided Plaintiff no extrinsic evidence of the alleged debt, either in its initial letter or subsequent verification letter.

29. In correspondence dated **May 23, 2013** letter sent by Defendant AFNI, Defendant <u>did not</u> provide any documentation, contract, and/or agreement showing Defendant AFNI has the authority to collect on the alleged account.

30. In correspondence dated **May 23, 2013** letter sent by Defendant AFNI, Defendant <u>did not</u> provide any verified evidence that Plaintiff, Maria Olvera personally incurred the alleged debt.

31. Defendant did not advise Plaintiff that its client GTE Southwest Incorporated or VERIZON, INC. had verified the balance to be true, correct, and still owing.

32. Further, upon information and belief, Defendant did not check its own records to verify the alleged debt.

33. Nothing in Defendant's **May 23, 2013**, letter gives Plaintiff the confidence that Defendant confirmed that it is not dunning the wrong person and/or collecting a debt which has already been paid.

34. Based on an alleged but non-existent debt, Defendant, AFNI, knew that Plaintiff, Carmen Olvera did not owe any money to Defendant and still attempted to collect on the alleged debt.

35. Defendant AFNI did not provide Plaintiff proper validation of the alleged debt, yet continued to attempt to collect on the alleged debt, specifically by letter dated May 23, 2013.

36. On June 08, 2013 Plaintiff sent a notice of the violations of The Fair Debt Collection Practices Act to Defendant, AFNI. This was in an effort to amicably reach a resolution for their violations before taking civil action against Defendant.

37. Defendant AFNI never responded to the letter sent by Plaintiff dated June 08, 2013 in attempt to amicably resolve the matter.

38. All violations complained of herein occurred within the statute of limitations of the applicable federal statutes.

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692d BY DEFENDANT AFNI, INC.

39. Paragraphs 1 through 38 are re-alleged as though fully set forth herein.

40. Defendant aforementioned conduct violated the FDCPA.

41. Defendant AFNI actions of making attempts to collect on an a alleged but non-existent debt and reporting derogatory and false information on Plaintiff's Experian, Equifax, and Transunion consumer credit reports was to harass, oppress, or abuse Plaintiff, is a violation of 15 U.S.C. § 1692d,

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(2) BY DEFENDANT AFNI, INC.**

42. Paragraphs 1 through 41 are re-alleged as though fully set forth herein.

43. Defendant aforementioned conduct violated the FDCPA.

44. Defendant AFNI violated 15 U.S.C. § 1692e(2) by attempting to collect on an alleged but nonexistent consumer debt and misrepresenting the character, amount, or legal status of the alleged debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e BY DEFENDANT AFNI, INC.

45. Paragraphs 1 through 44 are re-alleged as though fully set forth herein.

46. Defendant aforementioned conduct violated the FDCPA.

47. Defendant AFNI violated 15 U.S.C. § 1692e by continuing to collect on an alleged but nonexistent consumer debt and continuing to report the false and inaccurate information to Experian, Equifax, and Transunion consumer credit reporting agencies, is false, deceptive, or misleading representations or means in connection with the collection of a debt;

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692e(8) BY DEFENDANT AFNI, INC.**

48. Paragraphs 1 through 47 are re-alleged as though fully set forth herein.

49. Defendant aforementioned conduct violated the FDCPA.

50. Defendant AFNI actions of communicating false credit information, including the failure to communicate that the debt is disputed to Experian, Equifax, and Transunion consumer credit reporting agencies, is a violation of 15 U.S.C. § 1692e(8).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, ET. SEQ. BY DEFENDANT AFNI, INC.

51. Paragraphs 1 through 50 are re-alleged as though fully set forth herein.

52. Defendant aforementioned conduct violated the FDCPA.

53. Defendant AFNI violated 15 U.S.C. § 1692e(10) by continuing to collect on an alleged but nonexistent consumer debt, and continuing to report the false in inaccurate information to the Experian, Equifax, and Tranunion consumer credit reporting agencies, is false, deceptive, or misleading representations or means in connection with the collection of a debt;

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f BY DEFENDANT AFNI, INC.

54. Paragraphs 1 through 53 are re-alleged as though fully set forth herein.

55. Defendant aforementioned conduct violated the FDCPA.

56. Defendant AFNI actions of continuing to collect on an alleged but non-existent consumer debt after knowing the alleged consumer debt is disputed and continuing to report the alleged consumer debt to Experian, Equifax, and Transunion consumer credit reporting agencies is an unfair and unconscionable means with Plaintiff to collect or attempt to collect a consumer debt, is a violation of 15 U.S.C. § 1692f.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692f(1) BY DEFENDANT AFNI, INC.**

57. Paragraphs 1 through 56 are re-alleged as though fully set forth herein.

58. Defendant aforementioned conduct violated the FDCPA.

59. Defendant AFNI actions of making attempts to collect on an alleged but nonexistent consumer debt not authorized by an agreement creating a debt or permitted by law is a violation of 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VIII

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g(b) BY DEFENDANT AFNI, INC.**

60. Paragraphs 1 through 59 are re-alleged as though fully set forth herein.

61. Defendant aforementioned conduct violated the FDCPA.

62. Defendant AFNI actions of making attempts to collect on an alleged but non-existent consumer debt and reporting derogatory and false information on Plaintiff's Experian, Equifax, and Transunion consumer reports after validation was requested, said action is a violation of 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IX

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692g, ET SEQ BY DEFENDANT AFNI, INC.**

63. Paragraphs 1 through 59 are re-alleged as though fully set forth herein.

64. Defendant aforementioned conduct violated the FDCPA.

65. Defendant AFNI blatantly violated 15 U.S.C. § 1692g in multiple ways be making a collection demand and not providing the disclosures required in 15 U.S.C. § 1692g(a)(1)(3)(4)(5).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

f) Adjudging that Defendant violated the FDCPA and/or admission from the Defendant(s) that they violated the FDCPA;

g) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C § 1692k.

h) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

i) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

j) Awarding such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff is entitled to and hereby demands trial by jury.

Dated:  September 13, 2013

Respectfully Submitted,

*[signature]*

Maria Olvera
1100 Brook Canyon Dr.
Arlington, Texas 76018
(682) 564-2058
Mariaolvera05@yahoo.com



**Afni, Inc.**
1310 Martin Luther King Drive
PO Box 3427
Bloomington, IL 61702-3427
www.afnicollections.com

# SETTLEMENT OFFER

### Pay half of your current balance

We are making another attempt to contact you regarding your overdue account. In an effort to resolve this matter we will accept $126.42, half of the current balance. Once paid, our records will reflect the status of your account with Afni, Inc. as closed as settled.

This offer is valid until 5/6/2013. Afni is not obligated to renew this offer.

If you have any questions, please contact our office toll free at (888) 804-2409 Monday through Friday 7am - 9pm and Saturday 8am - 12pm CT. For proper credit on your account please write this number 038205136-02 on your payment.

To manage your account online, visit us at www.afnicollections.com. You can login with your account number and last 4 digits of your Social Security number. You can pay securely online using your debit card, Visa®, Mastercard®, or checking account and have your receipt available online once your payment posts.

Credit card payments by mail are also accepted. Credit card payment options are located on the back of the payment stub located at the bottom of this letter and can be mailed back inside the enclosed envelope.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

This account is for a remaining balance from the original creditor for services associated with the previous telephone number listed below.

Please retain this information for your records

| Afni, Inc. Account # | Balance | Original Creditor | Associated Phone # | Date |
|---|---|---|---|---|
| 038205136-02 | $252.84 | GTE Southwest Incorporated | (940) 382-4131 | 03/22/2013 |

*Detach along perforation and return bottom portion along with payment in the enclosed envelope. Credit card payment options are on the back of notice.*

For proper credit, please include your Afni account # listed below on your check

AFN5V

PO BOX 223721
DALLAS, TX 75222

3081042705

Electronic Service Requested

Afni Account #:            038205136-02
Original Creditor:         VERIZON INC.
Creditor Account #:        9403824131050617
Date:                      03/22/2013
Toll Free #:               (888) 804-2409
Balance:                   $252.84
Settlement Offer:          $126.42

2 02038205136 991800 00000025284

****************ALL FOR ADC 760
MARIA OLVERA
1100 BROOK CANYON DR
ARLINGTON, TX 76018-5314

042705
T82 P1

PO Box 3427
Bloomington, IL 61702-3427

EXHIBIT 'A'

## PRIVACY STATEMENT

Your account has been acquired by Afni, Inc. As required by federal law, Afni wants to inform you of how we will handle confidential information we obtain about you. The privacy policies and practices described in this notice will apply to current as well as former account holders.

### Information We Collect

Afni, Inc. may collect non public personal information about you from:
- The original creditor
- consumer reporting agencies; and
- other parties for the purposes of acquiring location information as provided for by the Fair Debt Collection Practices Act, 15 USC §1692 et seq.

### Information We Disclose

We do not disclose any nonpublic personal information about you to anyone, except as provided for by the Fair Debt Collection Practices Act, 15 USC §1692 et seq. and the Fair Credit Reporting Act, 15 USC §1681 et seq.

### Security

Afni, Inc. restricts access to nonpublic personal information about you to those employees who need to know that information to process this account. Afni, Inc. maintains physical, electronic and procedural safeguards that comply with federal regulations to guard your non public personal information.

---

If you wish to pay by credit card:   ☐ Visa®        ☐ MasterCard®

Account Number _____ 3 Digit Code _____

Expiration Date _____ Payment Amount $ _____

Name of Card Holder _____

Signature of Card Holder _____

**EXHIBIT 'A'**

**Different Credit Card Billing Address?**   ☐ Yes   ☐ No   If YES, please provide information below:

Address _____

City _____ State _____ Zip _____

DEPT 555
PO BOX 4115
CONCORD CA  94524

05-23-2013

ADDRESS SERVICE REQUESTED

#BWNFTZF #AFN7560523313051#

MARIA OLVERA
1100 BROOK CANYON DR
ARLINGTON TX 76018-5314



1310 Martin Luther King Drive
PO Box 3427
Bloomington, IL  61702-3427

Afni. Inc. Account #:   038205136-02

Original Creditor:  VERIZON INC.
Creditor Account #:      9403824131050617

Balance Due:            $252.84

The attached information has been provided by the original creditor as validation of the above account. Thank you for your attention in this matter.

If you have any questions, please contact our office toll free at (888) 804-2409 Monday through Friday 7am - 9pm and Saturday 8am - 12pm CT. For proper credit on your account, please write this number 038205136-02 on your payment.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This letter is from a debt collector.

The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it.

Sincerely,
Afni, Inc.

---

Please return this portion with your payment
For proper credit please write 038205136-02 on your check.

Afni. Inc. Account #:   038205136-02
Toll Free:               (888) 804-2409
Original Creditor:  VERIZON INC.
Creditor Account #:    9403824131050617

Balance Due:         $252.84

MARIA OLVERA
1100 BROOK CANYON DR
ARLINGTON TX 76018-5314



EXHIBIT
'B'

Please make checks payable to:

Afni. Inc.
404 Brock Dr.
PO Box 3427
Bloomington, IL  61702-3427

AFNBX-0523-361815697 152

Fecha de Factura: 3/07   Página 3 de   3
Número de Teléfono :  940 382-4131   050617
Número de Cuenta  10 5619 2830711785 05
Cómo Localizarnos :  Ver página dos

*Cargos totales de Verizon*                                $  .00

### Información importante sobre facturación

Aviso Sobre El Pago Con Cheques Al suministrar un cheque, usted está autorizándonos a utilizar la información que en el mismo aparece para efectuar una única transferencia electrónica de fondos de su cuenta, o a procesar la transacción como cheque. Si desea ser excluido de este proceso, por favor llame al 1-888-500-5358 (INGLES). Cuando usamos informacion de su cheque para hacer un transfer de fondos electronico, los fondos pueden ser retirado de su cuenta el mismo dia que usted haga su pago. Tome en cuenta que su institucion financiero no le regresara su cheque.

### NUMEROS TELEFONICOS CON PROVEEDORES ACTUALES

A continuación se muestran los números telefónicos incluidos en esta factura y los proveedores actuales seleccionados para el servicio local y de larga distancia.

| Teléfono | Proveedor Toll Local | Proveedor Larga Distancia |
|---|---|---|
| 940 382-4131 | Verizon | Verizon Long Distance |

Si usted tiene algunas preguntas, por favor contacte a Verizon usando el número de teléfono listado en la página dos de su factura.

10 5619 9403824131 050617 05 01 TX      00000781 0000003253



EXHIBIT ' B '

K:\JLP\TIFPCX\038205136_2_PAGE_3.PCX
AFNBX-0523-361815697 152

Fecha de Factura: 1/07   Página 1 de   3
Número de Teléfono : 940 382-4131  050617
Número de Cuenta  10 5619 2830711785 05
Cómo Localizarnos :  Ver página dos

MARIA OLVERA

Resumen de Cuenta

| | |
|---|---|
| Cargos Previos | $ 252.84 |
| No Se Recibió Pago | .00 |
| Cargos Atrasados (favor pagar ahora) | $ 252.84 |
| Nuevos Cargos | |
| Incobrable (write off – activity) | $ 252.84 |



*Verizon patrocina los GRAMMYs*
*Verizon será el patrocinador oficial de banda ancha de la entrega anual de los Premios GRAMMY®.*
*No te pierdas la transmisión en vivo por CBS el 11 de febrero de 2007 a las 8:00 p.m. ET/PT.*

**ONE-BILL**

*¿Es cliente de Verizon Wireless?*
*Si es así, ¿está inscrito en ONE-BILL para recibir todos sus cargos de Verizon y Verizon Wireless en una sola factura? Suscríbase en verizon.com/onebill o llame al número de "Preguntas sobre facturación" que aparece en la pág. 2 de esta factura.*
*Se aplican restricciones.*



*¿Cansado de pagar con cheque todos los meses?*
*Disfruta la conveniencia de los pagos de facturas recurrentes visitando verizon.com/billpay. Inscríbete o regístrate hoy mismo para pagar vía tarjeta de débito o crédito.*
*¡Ahorra tiempo, estampillas y cheques!*

Enviar pagos a:
Verizon Southwest, PO Box 920041, Dallas TX 75392-0041

**** CUENTA INCOBRABLE ****
Cuenta:     10 5619 2830711785 05

00000781 0080003251
10-TX      5619
9403E24131  20050617

010407

verizon

MARIA OLVERA
921 S. MAYHILL RD
DENTON TX  76208-6327

10 5619 2830711785 05N00000025284 00000000000 01



EXHIBIT 'B'

K:\JLP\TIFPCX\038205136_2_PAGE_1.PCX
AFNBX-0523-361815697 152